UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RIELLO CORPORATION OF AMERICA, INC.

                                      **MEMORANDUM & ORDER**

               Plaintiff,              17-CV-4174 (DRH)(AKT)

-against-

M.J.D. COMBUSTION SALES, INC.

               Defendant.
-----------------------------------------------------------X

**APPEARANCES:**

**For Plaintiff:**
The Reinartz Law Firm, LLC
Court Plaza South – West Wing
21 Main Street, Suite 205
Hackensack, New Jersey 07601
By:    Richard A. Reinartz, Esq.

**For Defendants:**
Nair & Levin, P.C.
707 Bloomfield Avenue
Bloomfield, Connecticut 06002
By:    Walter J. Onacewicz, Esq.

**HURLEY, Senior District Judge:**

       Plaintiff Riello Corporation of America, Inc. ("Plaintiff" or "Riello") commenced this action for breach of contract against defendant M.J.D. Combustion Sales, Inc. ("Defendant" or "MJD"). Presently before the Court is Riello's motion for summary judgment in its favor on its breach of contract claim and dismissing MJD's counterclaims. For the reasons set forth below, the motion is granted.

## BACKGROUND

### I. The Pleadings

In its complaint, Riello asserts two causes of action. The first cause of action is for breach of contract based on MJD's promise to pay the full amount of invoices issued by Riello for the products it sold and delivered to MJD. The second cause of action is for unjust enrichment based on the same allegations of failure to pay for the products Riello delivered.

MJD's answer asserts a number of affirmative defenses and counterclaims. The affirmative defenses alleged are (1) Plaintiff's breach of contract and breach of implied contract of good faith and fair dealing; (2) estoppel; (3) fraud and unclean hands based on alleged false representation that the agreement would be continuously renewed if MJD did additional work to obtain necessary city government approvals; and (4) failure to mitigate damages. The counterclaims asserted are (1) breach of contract; (2) "breach of implied contract/convenant of good faith and fair dealing;" (3) deceptive business practices in violation of N.Y. Gen'l Bus. Law § 349; (4) unjust enrichment; (5) fraud as Plaintiff induced MJD to help obtain necessary approvals by making representation that the agreement would be continuously renewed then terminating it as soon as the approvals were received; and (6) an injunction against using MJD's intellectual property.[1]

---

[1] MJD stipulated to the dismissal of its counterclaim asserting wrongful termination under the New Jersey Franchise Protection Act.

## II. The Undisputed Facts

The following facts are taken from the parties' 56.1 Statements and are undisputed unless otherwise noted.

Riello is a manufacturer of burners utilized in heating systems. MJD is a manufacturer's representative or sales company that sells heating equipment. On or about August 8, 2011, Riello and MJD entered into a distribution agreement (the "Distribution Agreement"). There were no written changes to the Agreement after it was executed. On or about November 30, 2016, Riello orally informed MJD that it was going to terminate the Agreement. On December 13, 2016 Riello provided MJD with written notice that it was terminating the Agreement in thirty days.

During its term as a distributor for Riello, MJD ordered Riello products, including burners and parts. In response to MJD's purchase orders, Riello shipped products to MJD and invoiced MJD for the products that MJD purchased from Riello. The purchase orders were subject to Riello's standard terms and conditions, which were set forth in all of Riello's invoices. MJD did not have any standard terms and conditions of its own. MJD has not paid a total of seventeen (17) Riello Invoices for Riello products that MJD ordered when it was Riello's distributor (the "Invoices"). The reason MJD did not pay the Invoices is because MJD was told it was no longer going to be Riello's distributor. The seventeen (17) unpaid open Invoices have a total outstanding balance of $97,010.02. Before the termination of the Distribution Agreement, Riello had issued credits to MJD for authorized

product returns in the amount $6,929.51. Offsetting that credit amount against the total outstanding balance on the seventeen (17) open invoices, results in a balance of $90,080.51. It is that amount that Riello claims is owed by MJD to Riello for products that MJD purchased from Riello when it was Riello's distributor and for which MJD has failed to pay.

On or about December 15, 2016, MJD attempted to return various Riello products in stock to Riello by shipment. Riello rejected the shipment and declined to accept the returns. MJD asserts there was an oral agreement that it could return any Riello inventory if the Agreement was terminated. MJD still has custody, possession and control of these products with the exception of some items that MJD has since sold or given away to its customers.

As Riello's distributor, MJD assisted Riello in obtaining New York City environmental approvals that were required for certain Riello products to be sold in New York City. There was no written or verbal agreement for MJD to be compensated for any assistance it provided to Riello in that regard. Indeed, the principal of MJD, Mr. Bazini ("Bazini"), testified at his deposition that there was no agreement that MJD would be paid for services in connection with the New York City work and that MJD's function was to get Bazini Engineering and Riello "together." (Aug. 27, 2018 Bazini Dep. at 98, 102.) Riello retained and paid Bazini Engineering, P.C., a separate company owned by Bazini's son, for the services that Bazini Engineering P.C. rendered in connection with Riello obtaining New York City environmental approvals. MJD asserts before the Distribution Agreement was

executed it received assurances that the agreement would "auto-renew" as long as MJD wanted to promote Riello's burners if MJD did additional work in getting Riello's burners modified and approved for sale in the New York City metropolitan area through the NYC Department of Environmental Protection. However, Bazini admitted at his deposition that there were no verbal agreements that changed the terms of the Distribution Agreement. (*Id*. at 47.)

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment, pursuant to Rule 56, is appropriate only where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant governing law in each case determines which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When making this determination, a court must view all facts "in the light most favorable" to the non-movant, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014), and "resolve all ambiguities and draw all permissible factual inferences in favor of the [non-movant]," *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). Thus, "[s]ummary judgment is appropriate [only] where the record taken as a whole could not lead a rational trier of fact to find for the [non-movant]." *Id*. (quoting

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (internal quotation marks omitted).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts demonstrating that there is a genuine dispute of material fact to be tried. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The non-movant must present more than a "scintilla of evidence," *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Matsushita*, 475 U.S. at 586-87), and "may not rely on conclusory allegations or unsubstantiated speculation," *Id.* (quoting *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).

The district court considering a summary judgment motion must also be "mindful . . . of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the "evidentiary burdens that the respective parties will bear at trial guide district courts in their determination[s] of summary judgment motions," *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). "[W]here the [non-movant] will bear the burden of proof on an issue at trial, the moving party may satisfy its burden by pointing to an absence of evidence to support an essential element of the [non-movant's] case." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014) (quoting *Brady*, 863 F.2d at 210-11) (internal quotation marks

omitted). Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish his claim, the burden shifts to the non-movant to offer "persuasive evidence that his claim is not 'implausible.' " *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587). "[A] complete failure of proof concerning an essential element of the [non-movant's] case necessarily renders all other facts immaterial." *Crawford*, 758 F.3d at 486 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## II. The Affidavits Submitted by Defendant

In opposition to Riello's motion, MJD has submitted affidavits of Rahamin Bazini, its president ("Bazini") and Howard Ehrlich, "an independent commissioned entity (HAE Enterprises) that offers sales, marketing, consulting, administrative, engineering and strategic services to MJD" ("Ehrilch"). Riello objects to their consideration. Preliminarily, the Court notes that the two affidavits are virtually identical.

These affidavits contradict the prior deposition testimony of these individuals regarding any alleged agreements between the parties relating to MJD's assistance with New York City regulatory approvals. Neither individual testified as to any agreement or representation by Riello that MJD could automatically renew the Distribution Agreement if it assisted with regulatory approvals, yet they now claim such in their affidavits. Moreover. Bazini testified there were no verbal agreements that changed the terms of the Distribution Agreement and there was no agreement

for any payment in connection with the regulatory process and MJD's role was simply to get Riello and Bazini Engineering "together."

Moreover, the affidavits make general claims regarding "substandard goods" and Riello failure to deliver goods on time. However, noticeably absent is even one particular instance to support that assertion. And, there is no attempt to tie these "substandard goods" to the outstanding invoices.

"Given the affidavits contradict the affiants' deposition testimony, they will be disregarded." *Mack v. United States*, 814 F.2d 120, 124-25 (2d Cir. 1987). Additionally, as is discussed later in this opinion, the conclusory allegations contained therein are insufficient to defeat a motion for summary judgment. *F.D.I.C. v. Great American Ins. Co.,* 607 F.3d 288, 292 (2d Cir. 2010); *accord Minus v. Spillane*, 2019 WL 6498258, * 2 (S.D.N.Y. Dec. 3, 2019) (stating a non-moving party cannot defeat a summary judgment by relying, inter alia, upon conclusory statements). Lastly, to the extent the affidavits recite representations about before the Distribution Agreement was executed regarding that it would "auto-renew and last for as long as Defendant wanted to promote Plaintiff's burners if Defendant did additional work" in getting the burners approved in New York City, MJD explicitly disclaimed such reliance in the Distribution Agreement. (*See* Distribution Agreement at ¶ 11.1, stating the execution of the agreement "has not been induced by, nor do any of the parties hereto rely upon or regard as material, any representations or writings whatsoever not incorporate herein and made a part hereof.")

## II. Riello's Breach of Contract Claim

The elements of a breach of contract claim in New York are "(1) the existence of agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).

Here, it is undisputed that the parties entered into the Distribution Agreement and pursuant to that agreement, MJD ordered Riello products, Riello shipped products to MJD and invoiced MJD to those products. It is also undisputed that MJD has not paid seventeen invoices for Riello products that it ordered.

Accordingly, Riello is entitled to summary judgment on its breach contract claim in the absence of a valid affirmative defense. It is to those affirmative defenses, as well as MJD's counterclaims, to which the Court now tuns.

## II. MJD's Affirmative Defenses and Counterclaims

### A. The Failure to Mitigate Damages

On a breach of contract claim for the sale of goods, a plaintiff is entitled to recover the expected benefit from the contract, i.e., the contract price of the goods, less any payments that were made. *Acco, Ltd. v. Rich Kids Jean Corp.*, 2017 WL 4350576, at *6 (S.D.N.Y., May 3, 2017). Such damages "are not of the kind to which the duty to mitigate applies, since those damages—the amounts not paid on invoices—were directly and unavoidably caused by the breach." *Id.* at *7.

Accordingly, summary judgment is granted dismissing the affirmative defense of mitigation of damages.

### B. Breach of Contract

MJD's breach of contract affirmative defense and counterclaim is that Riello wrongfully terminated the Distribution Agreement and upon termination refused to accept the return of MJD's inventory of Riello's products.

Section 8.1 of the Distribution Agreement provides that Riello "shall have the right to terminate this Agreement (except for those provisions which by their nature survive termination) at anytime upon not less than 30 days prior written notice to [MJD]." It is undisputed that by letter dated December 13, 2016, Riello provided thirty days' notice of termination. To the extent that MJD claims there was an oral agreement that MJD could automatically renew the agreement as long as it wanted, that claims is barred by section 11.1 which provides:

> This Agreement constitutes the entire agreement between the parties with respect to all matters herein contained, and its execution has not been induced by, nor do any of the parties hereto rely upon or regard as material, any representations or writings whatsoever not incorporated herein and made a part hereof. This Agreement shall not be amended, altered or qualified except by an instrument in writing, signed by the parties hereto.

With respect to the return of inventory, section 8.3.3 of the Distribution Agreement gives Riello the right, at its sole election, to request that MJD return its inventory of Riello products for credit. The Distribution Agreement does not give MJD the right to insist on the return of inventory.

Summary judgment is granted in favor of Riello on the affirmative defense and counterclaim of breach of contract. Moreover, as the claim for breach of the covenant of fair dealing is based on the same facts as the breach of contract claim, it is dismissed as redundant. *433 Main Street Realty, LLC v. Darwin Nat'l Assur. Co.*, 2014 WL 1622103 (E.D.N.Y. Apr. 22, 2014). The Court further notes that is is dismissible as abandoned given MJD's failure to oppose that portion of Riello's motion addressed to it.

C.   **The Unjust Enrichment Claim**

"[W]hen a valid and enforceable written contract governs the subject matter in dispute, a plaintiff may not recover under the theory of unjust enrichment." *Dayton Superior Corp. v. Marjam Supply Co.*, 2011 WL 990300, * 9 (E.D.N.Y. Feb, 22, 2011). Given the Distribution Agreement governed the parties' relationship in this case, the unjust enrichment defense and counterclaim is dismissed.

D.   **The Deceptive Business Practices Claim**

Section 349 of the New York General Business Law ("NYGBL") "makes unlawful 'deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017) (quoting N.Y. Gen. Bus. Law § 349(a) ). "To state a claim for a § 349 violation, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Id.* (quoting *City of New York v. Smokes-Spirits.com, Inc.,* 12 N.Y.3d 616, 621, 883 N.Y.S.2d 772, 911 N.E.2d 834 (2009) ); *accord Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). The standard for whether an act or practice is misleading

is an objective one, requiring a showing that a reasonable consumer would have been misled by the defendant's conduct. *Marcus v. AT & T*, 138 F.3d 46, 64 (2d Cir.1998); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529, 647 N.E.2d 741 (N.Y. 1995)

MJD's § 349 claim is premised on the claim that Riello provided it with substandard goods. Riello seeks judgment in its favor on the grounds there is no consumer directed conduct, it is duplicative of the breach of contract claim, and MJD has failed to submit evidence to support this claim.

The only material submitted for the claim of substandard goods are the affidavits of Bazini and Ehrlich. Even if those affidavit could be considered, the bald allegations of defective products contained therein are insufficient to defeat summary judgment. Assuming the products were defective, that does not necessarily make their sale deceptive. Moreover, §349 requires that the deception be addressed to New York consumers. Given that MJD's territory included both New York and New Jersey, the absence of any information as to the location of the ultimate buyers is fatal to this claim.

For all the foregoing reasons, summary judgment is granted in favor of Riello on MJD's § 349 defense/counterclaim.

### E.     The Fraud Claim

MJD's fraud claim is based on the assertion that it was told the agreement would automatically renew as long as MJD wanted to renew it.

A cause of action for fraud raised in the context of a breach of contract claim must be sufficiently distinct from the contract claim. *Bridgestone/Firestone, Inc. v.*

*Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996); *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 196 (2d Cir. 2001). "To state a fraud claim co-existent with an alleged breach of contract, [a plaintiff] must (i) demonstrate a legal duty separate from the duty to perform under the contract; (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Atlantis Info. Tech., GmbH v. CA Inc.*, 485 F. Supp.2d 224, 232 (E.D.N.Y. 2007) (internal quotation marks omitted).

Here, there is no alleged representation extraneous to the contract. The contract specifically provides that Riello may terminate it for any reason on thirty (30) days' notice. Additionally, under New York law where, as here, there is an express provision in a written contract that contradicts a prior oral representation, reasonable reliance is precluded. *Colonial Funding Network, Inc. v. Epazz Inc.*, 252 F. Supp. 3d 274, 284 (S.D.N.Y. 2017).

The fraud claim is dismissed.

**F.     The Claim for an Injunction and Accounting**

MJD has failed to oppose Riello's motion to the extent it seeks dismissal of the claim for an injunction and accounting. Accordingly, that claim is dismissed as abandoned. *See, e.g., Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F. Supp. 3d 465, 470 (E.D.N.Y. 2015).

### G. Summary

Having determined that there are $90,080.51 in open invoices issued to MJD and that Riello is entitled to summary judgment dismissing all of MJD's affirmative defenses to payment of those invoices, Riello is entitled to summary judgment in its favor on its cause of action for breach of contract. With respect to Riello's cause of action for unjust enrichment claim, it is dismissed as duplicitous of the breach of contract claim. As for MJD's counterclaims, Riello is entitled to summary judgment in its favor dismissing them.

### CONCLUSION

For the reason set forth above, Plaintiff's motion for summary judgment is granted in full. The Clerk of Court is directed to enter judgment (1) in favor of Plaintiff and against Defendant on Plaintiff's breach of contract claim in the amount of $90,080.51; (2) dismissing Plaintiff's cause of action for unjust enrichment and (3) in favor of Plaintiff and against Defendant on all of Defendant's counterclaims, and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York        s/ Denis R. Hurley  
      January 27, 2020                        Denis R. Hurley  
                                                       United States District Judge